IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

**RUBEN CARREON, individually and d/b/a RC FOREST PRODUCTS, LLC**,

        Plaintiff,

v.

**GOODTIMES WOOD PRODUCTS, INC., a Texas Corporation; JOHN WILLIAMS, individually and as President of Good Times Wood Products, Inc.; JAMES W. COOKE and LINDA COOKE, individually and d/b/a JL ENTERPRISES; JIM KELLAR; ED WEHRHEIM, individually and in his official capacity as Chairman of the Catron County Commission; The CATRON COUNTY CITIZENS GROUP, a New Mexico not-for-profit organization; WILLIAM AYMAR, individually and in his official capacity as Catron County Manager, and RON SHORTES, individually and in his official capacity as Catron County Attorney,**

        Defendants.

No. CIV 09-161 BB/CEG

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court for consideration of a motion for judgment on the pleadings [Doc. 85] filed by Defendants GoodTimes Wood Products, Inc. and John Williams (collectively, "Defendants"). These Defendants seek dismissal of one count of Plaintiff's complaint, the breach-of-contract claim brought against them in Count V. Having considered the submissions of the parties and the applicable law, the Court will deny the motion for the reasons discussed below.

**Standard of Review**

Defendants have brought this motion as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, rather than as a motion to dismiss under Rule 12(b)(6) of those Rules. However, the same standard of review applies to both types of motions. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). In considering a motion to dismiss, the Court must accept the factual allegations in the complaint as true and resolve all reasonable inferences in Plaintiff's favor. *See Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998). Dismissal for failure to state a claim is not appropriate unless it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations omitted). As the Supreme Court and Tenth Circuit have recently discussed, however, in reviewing a motion to dismiss, this Court must look for plausibility in the complaint. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Also, it should be noted that Plaintiff's complaint attaches and incorporates the written contract that is the subject of Count V. For that reason, the Court may consider the contract in its analysis without converting this motion into a motion for summary judgment. *See Pace v. Swerdlow,* 519 F.3d 1067, 1072-73 (10th Cir. 2008).

**Discussion**

Defendants entered into a contract with Plaintiff under which Plaintiff agreed to supply Defendants with "BUNDLED FIREWOOD" and "BAGGED PINYON PINE;" Defendants in turn planned to resell these products to chain stores such as Wal-Mart and Home Depot, which would presumably market the wood to individual consumers. Defendants contend the contract entered into by the parties is unenforceable as a matter of law. As the contract states and the parties agree, the construction of the contract is governed by Texas law. The central dispute between the parties concerning the validity of the contract is as follows. Defendants argue the contract contains no provision establishing the quantity of wood Plaintiff was obligated to supply, and without such a quantity term the contract is unenforceable. This is so, according to Defendants, because the Texas version of the Uniform Commercial Code ("U.C.C.") contains a statute of frauds rendering a contract for the sale of goods unenforceable unless there is a writing setting out the quantity of goods to be provided. *See* Tex. Bus. & Com. Code § 2.201. In addition, Defendants maintain there is a lack of mutuality in the contract because, absent a quantity term in the contract, Plaintiff was not required to deliver any wood to Defendants.

Plaintiff, on the other hand, contends the contract is an "output" contract under which Defendants agreed to buy Plaintiff's entire output of wood. According to Plaintiff, this makes the contract an exclusive-dealing contract under Texas law. This aspect of the contract, argues Plaintiff, implicates a provision of the Texas version of the U.C.C. making the contract enforceable despite the absence of a specific quantity term. The provision applies to output, requirement, or exclusive-dealing contracts and mandates that the parties act in good faith, using their "best efforts" to either purchase or supply the amounts of goods contemplated by the parties. *See* Tex. Bus. & Com. Code §§ 2.306(a) and (b). In other words, Plaintiff submits this statutory

provision substitutes for the specific quantity term that would otherwise be demanded by § 2.201 of the Texas U.C.C.

The parties have accurately stated the Texas law that applies to this case. On the one hand, a contract for the sale of goods that is missing a quantity term is normally not enforceable. *See Merritt-Campbell, Inc. v. RxP Products, Inc.,* 164 F.3d 957, 962 (5th Cir. 1999) (applying Texas law). On the other hand, if either Plaintiff or Defendant agrees to an exclusive-dealing arrangement under the contract, the lack of a specific quantity term is not fatal to the contract's validity. Instead, § 2.306(a) or (b), or both, can supply the needed quantity term of the contract. *See Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 234 (Tex. App. 2001). The task for the Court, therefore, is to determine whether the nature of the contract between the parties can be determined at this time as a matter of law.

If the contract is unambiguous on the point in question, consideration of extrinsic evidence is unnecessary and the issue can be decided in this motion for judgment on the pleadings. *See Gallagher Headquarters Ranch Dev., Ltd. v. City of San Antonio*, 303 S.W.3d 700, 702 ("Interpretation of an unambiguous contract is an issue of law."). If the contract is ambiguous, however, it will be necessary to examine extrinsic evidence to ascertain the parties' intentions, and a decision on the issue must await summary judgment or trial on the merits. *See id.* (if contract is ambiguous, extrinsic evidence may be used to determine the intent of the parties). A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law. *See Columbia Gas Transmission Corp. v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1996). But, if the contract is subject to two or more reasonable interpretations after pertinent rules of construction have been applied, the contract is ambiguous and a fact question concerning the parties' intent exists. *See id.*

It is clear that, as Defendants argue, the contract does not specify any particular amount of wood that Defendants agreed to purchase from Plaintiff.  Instead, the contract provides that "the total number of loads purchased will be determined by Purchase Orders" and these purchase orders "will be used to order a certain number of "pallets" in any given day, week, or month…" [Doc. 1, Exh. 2, Exh. A]  Unless § 2.306 of the Texas U.C.C. substitutes for the absent quantity term, then, the contract will be unenforceable.  However, a different provision of the contract is also relevant to this determination.  That paragraph provides as follows:  "It is understood by Purchaser and Seller that Seller will be acquainted with certain trade secrets and customer lists of the Purchaser … Therefore, the Seller agrees that during the term of this [contract], and for twenty-four months after the termination of this [contract], the Seller shall not use the trade secrets it learns about the [Purchaser's] business, nor sell the same or similar products in the Continental United States.  It is understood that all sales of BUNDLED FIREWOOD shall go through GOODTIMES WOOD PRODUCTS, INC."  [Doc. 1, Exh. 2, Exh. A]

Plaintiff contends this paragraph establishes an exclusive-dealing or output-contract arrangement, in that Plaintiff is required to sell his wood products only to Defendants.  Defendants, on the other hand, argue the paragraph is nothing more than a non-compete clause, and should not be allowed to contradict the provision of the contract establishing an unspecified number of purchase orders as the only quantity term.  The language of the contract alone is not sufficient to allow the Court to determine, as a matter of law, which party's argument is correct.  A portion of the paragraph in question does contain non-compete language, in that it recites Plaintiff's access to Defendants' customer lists and trade secrets, and forbids Plaintiff from using that information to sell the same products as Defendants in the continental United States.  The paragraph goes on, however, to require that all sales of bundled firewood made by Plaintiff must

"go through" Defendants. This sentence can be interpreted to mean Defendants require, and Plaintiff agrees, that Plaintiff's wood products shall be sold only to Defendants. So interpreted, the provision would give Defendants the exclusive right to purchase wood products from Plaintiff. If this is what the parties intended, they have created an exclusive-dealing contract governed by § 2.306(b), which states that either the buyer or the seller may agree to exclusive dealing in the type of goods that is the subject of the contract. *See Aquila Southwest, supra*, 48 S.W.3d at 235 (where pipeline company had exclusive right to process all gas produced by exploration company, § 2.306(b) applied to the contract, and pipeline company was under statutory obligation to use best efforts to market the gas).

In sum, the parties may have agreed that Plaintiff would sell his wood products only to Defendants and to no one else. On the other hand, they may have agreed only that Plaintiff would not compete with Defendants and attempt to bypass Defendants by selling wood products directly to Defendants' customers. As the intent of the parties is not clear from the contract, extrinsic evidence is necessary to determine whether the contract is enforceable under Texas law. For that reason, the motion for judgment on the pleadings will be denied.[1]

---

[1] In so ruling, the Court has considered several other arguments raised by Defendants, but is not persuaded by them. For example, Defendants contend there is a quantity term in the contract, in the form of the purchase-orders provision, and § 2.306(b) cannot be used to contradict that express quantity term. However, the purchase-orders provision does not specify a numeric quantity, and provides no standard by which such a quantity could be established. In the absence of such a numeric quantity or standard, § 2.306(b) may be used to supply the quantity term. *See Lenape Resources Corp. v. Tennessee Gas Pipeline Co.*, 925 S.W.2d 565, 570 (Tex. 1996) (§ 2.306 fills in the quantity term unless the contract either specifies a numeric quantity or provides a standard for determining a specific quantity). Defendants also contend the purchase-orders provision should not be rendered useless by reading a best-efforts requirement into the contract. On the contrary, both requirements can be read together to reach a harmonious whole if Defendants are required to use their best efforts to market the wood purchased from Plaintiff to their customers, and these best efforts then determine the size and number of purchase orders submitted by Defendants. Finally, Defendants' lack-of-mutuality argument is not persuasive because under § 2.306, both parties to the

## ORDER

Based on the foregoing Memorandum Opinion, it is ORDERED that the motion for judgment on the pleadings (Doc. 85) filed by Defendants be, and hereby is, DENIED.

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
United States District Judge

---

contract are mutually required to use their best efforts: the purchaser to market the products and the seller to provide a sufficient amount of products to meet the demand created by the purchaser's marketing efforts. *See, e.g.,* 2 *W. Hawkland UCC Series* § 2-306:3 (1982) (in exclusive-dealing contract the parties bind themselves to use diligence and good faith in pursuing the objectives of the transaction).